IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------

NOULIS THEOFYLAKTOS,

                        Plaintiff,

          -vs-

QUEST DIAGNOSTICS
INCORPORATED,

                      Defendant.

------------------------------------------------

: CASE NO. 1:12 CV 02132
:
: <u>MEMORANDUM AND ORDER</u>
: <u>GRANTING THE PLAINTIFF'S MOTION</u>
: <u>FOR REMAND AND DENYING THE</u>
: <u>PLAINTIFF'S REQUEST FOR AN</u>
: <u>AWARD OF COSTS AND FEES</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      The defendant Quest Diagnostics Incorporated, removed this matter from state court on the basis of this Court's diversity jurisdiction. The plaintiff presently seeks an order of remand, arguing that the defendant has not met its burden to show that the Court's jurisdictional amount in controversy requirement has been met. (Doc. 6). The complaint indicates that the plaintiff seeks an indeterminate sum in excess of $25,000, and the plaintiff offers a post-removal averment that he does not seek damages in excess of the $75,000 threshold. The defendant does not oppose the motion and appears to concede that the amount in controversy is not sufficient to invoke the Court's jurisdiction. The parties do not dispute the existence of diversity of citizenship, which is apparent on the face of the complaint. For the reasons that follow, the plaintiff's motion for remand will be granted and his motion for an award of costs and fees *will be denied.*

I. Discussion

This Court's diversity jurisdiction extends to civil cases between citizens of different states, where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332 (2012). When a case is removed on the basis of diversity, the defendant has the burden of satisfying the amount in controversy requirement. Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993) (abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010)). Ordinarily, "the sum claimed by the plaintiff controls," but where, as here, the plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000. Id. at 158.

In this instance, defendant has not met its burden, as it offers no competent proof that the monetary threshold has been met and concedes to the plaintiff's averment that the amount in controversy does not exceed $75,000. The plaintiff's motion for remand will accordingly be granted.

After granting a motion for remand, this Court may order that the removing party pay its opponent "just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). This discretionary award is warranted only where "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

In the present case, the defendant argues that its basis for removal was objectively reasonable because in addition to the general prayer for relief seeking damages in excess of $25,000, the plaintiff advanced two additional and separate

2

claims for damages in excess of $25,000 relating to the plaintiff's individual causes of action. The defendant further argues the reasonableness of removal by virtue of the plaintiff's demand for both punitive and compensatory damages, including, but not limited to, lost wages (back pay and front pay), lost benefits, emotional distress, and physical injury.

Given the nature of the claims against the defendant and the type of relief sought, the defendant's argument is well taken. Although the complaint sought an indeterminate sum of money damages, it provided a reasonable basis by which the defendant could conclude that the amount in controversy exceeded $75,000. Therefore, the defendant did not lack an objectively reasonable basis for seeking removal. The plaintiff's request for costs and fees will be denied.

### II. Conclusion

For the above-stated reasons, the plaintiff's motion for remand is granted. The plaintiff's request for costs and fees is denied.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 4 February 2013

3